EDMUND M. WILLIAMS *vs.* SETH L. STRATTON AND OTHERS.

The statute (Gen. Statutes, tit. 19, ch. 8, secs. 17, 18,) provides that in all actions of trespass, other than of assault and battery and for the taking of property exempt from being taken on execution, in which judgment shall be rendered for the plaintiff, the defendant may, upon petition to the same court, be allowed to set off against such judgment any debt that he may hold against the plaintiff. Held that the object of the exception in the statute was to protect from such a set-off any suit brought to recover damages for attaching exempt property, and that it therefore applied to an action of trover brought for such a purpose as well as to one of trespass.

TROVER to recover the value of property attached by the defendants, which the plaintiff claimed to be exempt from execution; brought, by appeal from a justice, to the Court of Common Pleas of Fairfield County. After a verdict for the plaintiff the defendants filed a petition, under Gen. Statutes,

p. 426, secs. 17, 18, to be allowed to set off against the judgment a judgment which they held against the plaintiff. The court (*De Forest, J.,*) denied the petition, and the defendants brought the record before this court by a motion in error. The case is fully stated in the opinion.

*J. C. Chamberlain,* for the plaintiffs in error.

*S. S. Blake,* for the defendant in error.

CARPENTER, J. The defendants attached certain property of the plaintiff which was exempt from attachment, obtained judgment in their suit, and sold the property attached on the execution. This suit, which is an action of trover, is brought to recover the value of the property so attached and sold. The plaintiff obtained a verdict, and thereupon the defendants presented to the court, under the provisions of the statute (Gen. Statutes, p. 426, secs. 17, 18,) a petition asking that they might be allowed to set off against that judgment the amount of a judgment in their favor against the plaintiff. The petition was denied, and the defendants bring the case before this court by a motion in error.

The statute, under which the defendants claim a right to a set-off, was first passed in 1852, and provides "that in all actions of trespass other than those of assault and battery, and in all actions of trespass on the case, in which judgment shall be rendered in favor of the plaintiff, it shall be lawful for the defendant or defendants in such action to set off against such judgment any debt or debts which he or they may hold, either jointly or severally, against the plaintiff, &c." The broad language of this statute would seem to allow a set-off in cases brought to recover the value of property exempt from attachment which had been wrongfully attached. Consequently in 1853 an act was passed providing that it should not "apply to cases where actions are brought for damages for the taking of property which by law is exempt from being taken on execution." These two statutes were incorporated in the revision of 1866 as follows:—"In all actions of trespass, other than actions of assault and

·battery, and other than such as are brought for damages for the taking of property which is by. law exempt from being taken on execution, and in all actions of trespass on the case, in which judgment shall be rendered in favor of the plaintiff, the defendant or defendants in such action may set off against such judgment any debt or debts which he or they may hold, either jointly or severally, against the plaintiff, &c." In the revision of 1875 it is substantially in the same language. The claim now is that a set-off will be allowed in all cases except in actions of trespass, and that the plaintiff has lost the benefit of the exemption by bringing an action of trover.

It is very clear that this set-off could not be allowed under the law as it stood prior to the revision of 1866. We also think that the change of language, appearing in the subsequent revision, was not intended to change the meaning. Evidently the legislature intended that the statute exempting property from attachment should remain in full force. The exception in the statute as it now stands has a broader significance than the language would seem to imply. To limit it to actions of trespass, as the defendants claim it should be, will in effect impute to the legislature an intention to protect exempt property, provided the party brings an action of trespass, otherwise if he brings an action of trover. Such a construction is little less than absurd. We think it applies to all actions brought to recover damages for the taking of property which is exempt from being taken on execution.

There is no error in the judgment of the court below.

In this opinion the other judges concurred.